UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-253-RJC-DCK

| | |
|---|---|
| SEAN FITZGERALD MESCALL, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES DEPARTMENT OF ) | |
| TREASURY, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on Plaintiff's *pro se* "Motion[s] for Stay on the Underlying Matter, Pending Appeal," (Doc. Nos. 21, 24).

This action was filed by *pro se* Plaintiffs Sean Mescall ("Sean"), who is incarcerated, and Gerald Mescall ("Gerald"), who is not. On September 14, 2021, the Court dismissed Gerald from the action without prejudice for failure to timely pay the filing fee or move to proceed *in forma pauperis*, and dismissed his pending Motion for Preliminary Injunctive Relief and Temporary Restraining Order. (Doc. Nos. 7, 8, 18). The Court also denied as moot Sean's Amended Applications to Proceed Without Prepayment of Fees, (Doc. Nos. 11, 16), because his initial Application was still under consideration. (Doc. Nos. 2, 18).

The Plaintiffs filed a Notice of Interlocutory Appeal of the Court's September 14 Order on September 30, 2021. (Doc. No. 19). The appeal is presently pending before the Fourth Circuit Court of Appeals, Case No. 21-7400.

On September 30, 2021, the Plaintiffs filed a Motion asking the Court to stay the instant proceedings pending the Fourth Circuit's consideration of their appeal. (Doc. No. 21). They refiled an identical Motion on October 6, 2021. (Doc. No. 24).

1

A court has the inherent authority to stay proceedings of a case, which is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North Am. Co., 299 U.S. 248, 254 (1936). The determination of whether to grant a motion to stay requires a balancing "of various factors relevant to the expeditious and comprehensive disposition of the cases of action on the court's docket." United States v. Georgia Pac. Corp., 562 F.2d 294, 296 (4th Cir. 1977). "The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." Williford v. Armstrong World Indus., Inc., 715 F.2d 124, 127 (4th Cir. 1983).

The Court agrees that staying the instant proceedings is in the interest of judicial economy. Therefore, the Plaintiff's September 30 Motion will be granted and the duplicative October 6, Motion will be denied as moot.

**IT IS ORDERED** that:

1. Plaintiffs' "Motion for Stay on the Underlying Matter, Pending Appeal," (Doc. No. 21), is **GRANTED** and this matter is stayed pending the Fourth Circuit's resolution of the interlocutory appeal in Case No. 21-7400.

2. Plaintiff's duplicative "Motion for Stay on the Underlying Matter, Pending Appeal," (Doc. No. 24), is **DENIED** as moot.

Signed: November 10, 2021

Robert J. Conrad, Jr.
United States District Judge