UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-253-RJC-DCK

| | |
|---|---|
| SEAN FITZGERALD MESCALL, et al., )<br>)<br>**Plaintiffs,** )<br>)<br>v. )<br>)<br>UNITED STATES DEPARTMENT OF )<br>TREASURY, et al., )<br>)<br>**Defendants.** )<br>_____ ) | **ORDER** |

**THIS MATTER** comes before the Court on initial review of the *pro se* Complaint, (Doc. No. 1). Also pending are an "Ex Parte Motion for Preliminary Injunctive Relief" (Doc. No. 32) and a Motion for Evidentiary Hearing (Doc. No. 38) filed by both Plaintiffs; and an Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. 32-1) filed by Plaintiff Gerald T. Mescall. Plaintiff Sean Fitzgerald Mescall is proceeding *in forma pauperis*. (Doc. No. 30).

### I. BACKGROUND

Plaintiffs Sean Fitzgerald Mescall ("Sean") and his father Gerald T. Mescall ("Gerald") purport to bring this lawsuit under the Court's federal question jurisdiction. (Doc. No. 1). A brief summary of prior civil and criminal actions provides context for this case.

The U.S. Commodity Futures Trading Commission filed a civil Complaint against Sean, Gerald, and a company controlled by Sean in 2009 in relation to a Ponzi scheme, Case No. 3:09-cv-387-RJC-DCK. Default Judgment was entered against Sean and Gerald on January 11, 2012, and the Court permanently enjoined Sean from entering into any transactions involving commodity futures; ordered joint and several restitution of $1,073,360 plus post-judgment interest from Sean

1

and his company; ordered disgorgement of $85,575 plus post-judgment interest from Gerald; and imposed a $3,167,991 civil monetary penalty against Sean's company. (3:09-cv-387, Doc. No. 87 at 2). Sean pleaded guilty to criminal contempt for violating the Court's Statutory Restraining Order in the civil case, and he was sentenced to 27 months' imprisonment, Case No. 3:10-cr-121-RJC. In June 2012, Sean was criminally charged in the Ponzi scheme, Case No. 3:12-cr-215-RJC.[1] He was found guilty by a jury of securities fraud, wire fraud, and money laundering, and was sentenced to 168 months' imprisonment. See (3:12-cr-215, Doc. No. 55).

The Plaintiffs filed the Complaint in the instant case while Sean was still incarcerated.[2] They name as Defendants: the U.S. Department of Treasury; Janet Yellen, the Secretary of Treasury; the Bureau of Fiscal Services; the Commodities Futures Trading Commission; and the National Futures Association. The Plaintiffs assert that Gerald's social security retirement benefits are being administratively offset by approximately $298 per month pursuant to the Judgment in Case No. 3:09-cv-387. They claim that the offset is improper because Gerald "was not in any way whatsoever involved in connection with the scope of any of the violations" that were committed by Sean and, therefore, the offset violates the Administrative Procedure Act, the Social Security Act, and the Due Process Clause and the Takings Clause of the U.S. Constitution.[3] (Doc. No. 1 at 3). The Plaintiffs seek an evidentiary hearing, injunctive relief, and punitive damages.[4] (Id. at 18).

On September 14, 2021, the Court dismissed Gerald from this action without prejudice

---

[1] Gerald was mentioned in the Indictment as the joint signatory on several bank accounts with Sean, but he was not criminally charged.

[2] Sean is no longer in the Federal Bureau of Prisons' custody.

[3] The Complaint also refers to extraneous matters such as the False Claims Act, separation of powers, the Equal Protection Clause, which have no plausible application to this case and do not warrant separate discussion.

[4] Money damages are not available under the APA. 5 U.S.C. § 702.

after he was given several opportunities to pay the filing fee or adequately explain why he should be granted leave to proceed *in forma pauperis*, and failed to do so.[5] (Doc. Nos. 3, 5, 7, 14, 18). The Plaintiffs appealed the September 14 Order, and this Court stayed the instant action while the interlocutory appeal was pending. (Doc. No. 27). The Fourth Circuit Court of Appeals dismissed the appeal on February 23, 2022. See (Doc. No. 28). This Court then lifted the stay and ordered Sean to file a Memorandum explaining why he has standing to challenge the administrative offset of Gerald's social security benefits. (Doc. No. 34). In response, Sean filed a Memorandum and Limited Power of Attorney. (Doc. Nos. 36, 37). Also pending are Gerald's Amended Application to proceed *in forma pauperis* (Doc. No. 32-1), and Motions filed by both Plaintiffs seeking preliminary injunctive relief and an evidentiary hearing (Doc. Nos. 32, 38).

## II. APPLICATION TO PROCEED *IN FORMA PAUPERIS*

Gerald, who was previously dismissed from this action for lack of prosecution, has now filed an Amended Application to proceed *in forma pauperis.* (Doc. No. 32-1). The Court will consider Gerald's Amended Application despite his prior dismissal from this action. See generally Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514-15 (4th Cir. 2003) ("[A] district court retains the power to reconsider and modify its interlocutory judgments . . . at any time prior to final judgment when such is warranted.").

Federal courts can allow a litigant to prosecute or defend a civil action without paying the usual required fees if the litigant submits an affidavit containing a statement of the litigant's assets and demonstrating that he cannot afford to pay the required fees. 28 U.S.C. § 1915(a)(1). An impoverished plaintiff does not have to prove that he is "absolutely destitute to enjoy the benefit of the statute." Adkins v. E.I. Du Pont de Nemours & Co., 335 U.S. 331, 339 (1948). The individual

---

[5] The September 14 Order also addressed several Motions that are not pertinent to this discussion. (Doc. No. 18).

seeking to proceed in forma pauperis need only show indigence or poverty sufficient to demonstrate his inability to provide for the necessities of life while paying the costs of litigation. Id. at 339-40. If a court determines at any time that the allegation of poverty made in an in forma pauperis application is "untrue," then the court "shall dismiss the case." 28 U.S.C. § 1915(e)(2)(A).

Gerald states that he has had $2,014 in average monthly income for the past 12 months, consisting of $1,900 from retirement benefits and $114 from his spouse's "local pension." (Doc. No. 32-1 at 1-2). However, he states that he does not expect any income next month. (Id.). He claims to have no assets. (Id. at 2, 5). Gerald reports monthly expenses of $1,900, including $800 for housing, $300 for food, $100 for clothing, $25 for laundry and dry cleaning, $100 for medical and dental expenses, $200 for transportation, and $300 for recreation. (Id. at 3-4). He states that he does not expect any major changes to his monthly income, expenses, assets, or liabilities during the next 12 months. (Id. at 4). He does not expect to incur any costs or expenses in connection with this action. (Id.). He further explains his inability to pay the costs of these proceedings as follows: "Below the poverty level and no money!" (Id.).

Gerald fails to explain why he expects no income next month. Further, his $300 monthly expenditure for recreation appears to be excessive in light of his claim of poverty. He has been repeatedly granted the opportunity to either pay the filing fee or explain his inability to do so, and he has again failed to provide the Court with complete and adequate information. See (Doc. Nos. 3, 5, 7, 14, 18). Accordingly, the Court will deny Gerald's present Amended Application to proceed *in forma pauperis*. Accordingly, the Complaint will be dismissed, and the pending Motions will be denied as moot, as to Gerald. The Court will, therefore, review the Complaint for frivolity only as to Sean.

### III.    STANDARD OF REVIEW

Because Sean is proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, the court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); see also Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("Legally frivolous claims are based on an 'indisputably meritless legal theory' and include 'claims of infringement of a legal interest which clearly does not exist.'"). A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## IV. DISCUSSION

Sean, who is proceeding *pro se*, purports to challenge the partial offset of his father Gerald's social security benefits. Sean argues that he has standing to do so because:

(1) Gerald Mescall signed a Durable Power of Attorney.

(2) Sean Mescall is the third-party beneficiary of his father's social security benefits and litigation matters.

(3) Gerald Mescall is additionally part of the matter.

(4) Sean and Gerald, shared, share, and will share in the future, bank accounts, money, and bills, thus germane.

(Doc. No. 36 at 3); see (Doc. No. 37) ("Limited Power of Attorney").

Insofar as Sean attempts to assert claims on behalf of Gerald, he lacks authority to do so. "An individual unquestionably has the right to litigate his own claims in federal court.... The right

to litigate for oneself, however, does not create a coordinate right to litigate for others." Myers v. Loudoun Cnty. Pub. Schls., 418 F.3d 395, 400 (4th Cir. 2005). Neither the purported durable power of attorney nor Sean and Gerald's familial relationship permits Sean to engage in the unlicensed practice of law on Gerald's behalf. See, e.g., Scarboro v. United States, 2022 WL 1377843 (E.D.N.C. May 3, 2022); Richardson v. McMillian, 2021 WL 4691676, at *2 n.1 (D.S.C. Aug. 25, 2021); Carmona v. Bullard, 2020 WL 534313 (W.D.N.C. Feb. 3, 2020). Thus, to the extent that Sean attempts to challenge the administrative offset of social security benefits for Gerald, he is not permitted to do so.

Nor has Sean demonstrated that he has standing to challenge the offset of Gerald's social security benefits on his own behalf. "Plaintiffs bear the burden of establishing standing." S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC, 713 F.3d 175, 181 (4th Cir. 2013) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)). Standing requires a demonstration of an injury in fact, which must be "concrete and particularized" and "actual or imminent." Lujan, 504 U.S. at 560. "When standing is challenged on the pleadings, [the Court] accept[s] as true all material allegations of the complaint and construe[s] the complaint in favor of the complaining party." S. Walk at Broadlands Homeowner's Ass'n, Inc., 713 F.3d at 181-82 (quoting David v. Alphin, 704 F.3d 327, 333 (4th Cir. 2013)) (internal quotation marks omitted). However, the Court will dismiss factual allegations that are nothing more than "legal conclusions" or "naked assertions." Id. at 182 (citing David, 704 F.3d at 333) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)) (internal quotation marks omitted).

First, Sean claims standing insofar as he purports to be a third-party beneficiary to Gerald's social security benefits. "In order to prove third-party beneficiary status, a party must demonstrate that the contract not only reflects the express or implied intention to benefit the party, but that it

reflects the intention to benefit the party directly." Flexfab. L.L.C. v. United States, 424 F.3d 1254, 1259 (Fed. Cir. 2005) (quotation omitted). Sean is unable to demonstrate that he is a third-party beneficiary to Gerald's social security benefits because such is precluded by federal law. The purpose of Social Security benefits is the support and maintenance of the recipient of those benefits. In re Miller, 445 B.R. 504, 508 (D.S.C. Jan. 11, 2011). Thus, "[t]he right of any person to any future payment under this title [42 U.S.C. §§ 401 et seq.] shall not be transferable or assignable, at law or in equity…." 42 U.S.C. § 407(a). Any purported assignment of Gerald's social security benefits to Sean is thus precluded by federal law, and Sean's claim to have standing as a third-party beneficiary is rejected.

Sean also purports to have a property interest in Gerald's social security benefits insofar as he expects Gerald to share the benefits with him. An individual has a protected property interest only if he has "legitimate claim of entitlement," rather than a mere "abstract need or desire" or "unilateral expectation." Bd. of Regents v. Roth, 408 U.S. 564, 577 (1972); Pulte Home Corp. v. Montgomery Cnty., MD, 909 F.3d 685, 691-92 (4th Cir. 2018); Prieto v. Clarke, 780 F.3d 245, 248 (4th Cir. 2015). As previously discussed, a formal assignment of Gerald's social security benefits to Sean is prohibited by § 407(a). Thus, Sean's expectation that Gerald will share his social security benefits with him is merely hypothetical. His expectation of a such a gift does not rise to the level of a protected property interest, and fails to confer standing on him. See Roth, 408 U.S. at 577; Monitech Inc. v. Robertson, 841 F.Supp.2d 919 (E.D.N.C. 2012) (plaintiff with no property interest lacked standing to assert that defendant violated either its procedural or substantive due process rights). Thus, Sean does not have standing to challenge the offset of Gerald's social security benefits, even though he hopes that Gerald will share the benefits with him.

The Court thus concludes that Sean is unauthorized to litigate this matter for Gerald, and

7

Case 3:21-cv-00253-RJC-DCK   Document 39   Filed 05/20/22   Page 7 of 8

he lacks standing to challenge the social security offset on his own behalf. Accordingly, the Complaint is dismissed as frivolous and for failure to state a claim upon which relief can be granted, and the pending Motions will be denied as moot.

## V. CONCLUSION

Gerald's Amended Application to proceed in forma pauperis is denied, the Complaint is dismissed on initial review, and the pending Motions are denied as moot.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff Gerald T. Mescall's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. 32-1), is **DENIED**.

2. The Complaint, (Doc. No. 1), is **DISMISSED** as frivolous or for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

3. The Plaintiffs' "Ex Parte Motion for Preliminary Injunctive Relief" (Doc. No. 32) and Motion for Evidentiary Hearing (Doc. No. 38) are **DENIED** as moot.

4. The Clerk is instructed to close this case.

Signed: May 19, 2022

Robert J. Conrad, Jr.
United States District Judge